UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EMANUEL TERRELL HARPER,

        Plaintiff,

        v.                         Case No. 19-C-1822

DANIEL MURPHY, PAUL M. HAUER,
and CHRISTOPHER NAVARRETTE,

        Defendant.

## SCREENING ORDER

Plaintiff, who is currently an inmate in the Milwaukee County Jail, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated by two Milwaukee County assistant district attorneys and a City of Milwaukee police officer who he claims prepared a fraudulent search warrant that authorized the search of phones seized from his car. Harper is representing himself and this matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $7.30. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

The complaint implicitly alleges that Harper is being held on criminal charges. In fact, according to the inmate locator for the Milwaukee County Jail, Harper has been held at the Jail since July 24, 2017, on a variety of charges, including First Degree Intentional Homicide. Harper's complaint asserts that the discovery materials provided his attorney included an unsigned copy of the affidavit submitted in support of the search warrant authorizing the search of three

2

cell phones. In response to his attorney's request, a signed and notarized copy of the affidavit was provided. The affidavit was signed by Police Officer Christopher Navarrette and notarized by ADA Paul Hauer on March 3, 2017. The affidavit, however, also includes the obvious misstatement "This warrant was reviewed on May 16th, 2016, by ADA Daniel Murphy." Dkt. No. 1-1 at 9. In addition, the return was not signed until May 30, 2017, the same date as the Clerk of Court's stamp indicates it was filed. Based on these facts, Harper claims ADAs Murphy and Hauer, and Officer Navarrette violated his Fourth Amendment rights by conspiring to procure and execute an invalid warrant. Harper seeks a declaration that the actions of the defendants violated his constitutional rights, and compensatory and punitive damages each in the amount of $837,000 and as to each defendant jointly and severally.

### THE COURT'S ANALYSIS

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v Toledo*, 446 U.S. 635, 640 (1980). The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and further provides that "no Warrants shall issue, but upon probable cause." U.S. Const., amend. IV.; *Florida v. White*, 526 U.S. 559, 563 (1999). Absent consent, a search warrant is generally required in order to search an individual arrestee's cell phone. *Riley v. California*, 573 U.S. 373 (2014). The complaint alleges that the defendants failed to comply with that constitutional requirement in this case.

3

The allegations of the complaint fail to plausibly allege that the named defendants violated Harper's constitutional rights. The mere fact that Harper's attorney was initially given a draft copy of the warrant affidavit in discovery, instead of a copy of the signed original, does not plausibly state a claim that the two ADAs conspired with the police officer who signed the affidavit to violate Harper's Fourth Amendment rights. The patently erroneous statement that the warrant was approved by ADA Murphy in May of the previous year, presumably a carry-over from a prior warrant application, likewise does not make plausible the conspiracy theory alleged by the complaint. The stamped copies of the original warrant and affidavit subsequently provided Harper's attorney by the ADA handling Harper's case, and attached to the complaint, reveal that the affidavit, the facts of which the complaint does not dispute, was signed and notarized on March 3, 2017, the same day the warrant authorizing the search of the phones seized from the car in which Harper sought to elude police was signed by the Court Commissioner. There is no dispute that the affidavit establishes probable cause to search the phones.

Nor does the fact that the warrant may not have been executed and returned within the time limits set by Wisconsin law create a constitutional claim. According to the complaint and its attachments, Harper was arrested and three cell phones, as well as a loaded handgun and drugs, were seized from the SUV in which he attempted to flee on February 26, 2017. The warrant authorizing the search of the cell phones was issued on March 3, 2017, but the return was not filed until May 30, 2017. A Wisconsin statute provides:

**968.15. Search warrants; when executable**

(1) A search warrant must be executed and returned not more than 5 days after the date of issuance.

(2) Any search warrant not executed within the time provided in sub. (1) shall be void and shall be returned to the judge issuing it.

4

Wis. Stat. § 968.15 (2017–18). The complaint alleges that the defendants' failure to comply with this statute constitutes a violation of his Fourth Amendment rights.

Even if true, there is no allegation that any of the defendants are responsible for the timing of the execution and return of the warrant. More importantly, however, is the fact that the failure to comply with a state statute governing the timing of the execution and return of a search warrant does not amount to a constitutional violation. "The Fourth Amendment does not specify that search warrants contain expiration dates." *United States v. Sims*, 428 F.3d 945, 955 (10th Cir. 2005); *see also United States v. Johns*, 469 U.S. 478, 487 (1985) (while police officers may not indefinitely retain possession of a vehicle and its contents before they complete a valid warrantless search, the owner of the property must prove delay in the completion of a search was unreasonable because it adversely affected a privacy or possessory interest).

Rule 41 of the Federal Rules of Criminal Procedure likewise sets forth time limits for the execution and return of search warrants. *See* Fed. R. Crim. P. 41(e)(2)(A)(i) (requiring that warrant command the officer to "execute the warrant within a specified time no longer than 14 days") and (f)(1)(D) (requiring officer executing warrant to "promptly return it—together with a copy of the inventory—to the magistrate judge designated on the warrant."). Violation of the time limits of Rule 41, however, is not considered a constitutional violation unless the probable cause dissipated before the warrant was executed. *See, e.g., United States v. Burgess*, 576 F.3d 1078, 1097 (10th Cir. 2009) ("Probable cause to search was unaffected by the delay and the reasons to search the computer and hard drives did not dissipate during the month and a half the items sat in an evidence locker. Burgess has not identified any prejudice from the delay and the only readily apparent concern is that Burgess was temporarily denied access to his property. Moreover, any delay was due to Agent Hughes' efforts to make sure the job was done right.").

So also here, the delay in searching the cell phones which had been properly seized from the vehicle in which Harper attempted to flee would not have mitigated the finding of probable cause which authorized the warrants in the first place, and the complaint alleges no prejudice that Harper would have suffered as a result of the delay. In any event, the violation of a state law does not amount to a constitutional violation.

For all of these reasons, I conclude that Harper's complaint fails to state a federal claim on which relief can be granted. I also note that given the fact that he still awaits trial in the Milwaukee County Jail, Harper's challenge to the search of the phones seized from his vehicle, assuming the search yielded evidence against him, may also be barred at least for now under the doctrine of abstention. *See Simpson v. Rowan*, 73 F.3d 134 (7th Cir. 1995). But since I have concluded that the complaint fails to state a federal claim, it will be dismissed rather than stayed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $342.70 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to

this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined, Milwaukee County Sheriff, and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53202, as well as emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 10th day of February, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.